(24 Misc. Rep. 515.)

VIETOR et al. v. LEWIS et al.

(Supreme Court, Special Term, New York County. September, 1898.)

1. INSOLVENCY—INJUNCTION—RESPONSIBILITY OF PREFERRED CREDITORS.
    Where certain creditors of an insolvent have been preferred, the property received by them will not be impounded at the suit of other creditors until bankruptcy proceedings can be instituted, if evidence that the preferred creditors are irresponsible, and will be unable to respond to any claim made against them by the trustee in bankruptcy, is insufficient.

2. SAME—RIGHTS OF GENERAL CREDITORS.
    General creditors of an insolvent, who claim a lien on his property, are not entitled to have property in the hands of preferred creditors impounded until bankruptcy proceedings can be instituted against the insolvent, where, at most, they have merely an expectation that they will obtain an interest in such property through a trustee who may be appointed under the bankruptcy act; it being optional with them to file or decline to file a petition under the act against the insolvent, and the adjudication thereon depending on the determination of the federal court as to the sufficiency of proof.

Action by George F. Vietor and others against Jacob Lewis and others. Motion to continue an injunction, and for the appointment of a receiver. Denied.

Emanuel Blumenstiel, for plaintiffs.
Stillman F. Kneeland, for defendant Cohn.
Samuel Fleischman, for defendant Cohn, executrix.
Sidney H. Stuart, for defendant Lewis.

BEEKMAN, J. The plaintiffs expressly disclaim, and properly so, any reliance upon the fact that they have obtained attachments. They are not asking the intervention of the court for the purpose of protecting any lien, either legal or equitable, upon the property of the insolvent debtors; but, taking the stand simply that they are general creditors, they ask the court to impound certain assets of said debtors which have come into the hands or under the control of certain creditors, until bankruptcy proceedings can be instituted against the insolvents, an adjudication against them obtained, and a

trustee appointed who may receive such property. The ground of the action is (1) that some of the creditors referred to have since July 1, 1898 (the date when the bankruptcy law took effect), obtained judgments by confession against the insolvents, under which a levy and sale have been had, the proceeds of which are about to be paid over to them by the sheriff, and another creditor has obtained a transfer of book accounts to secure the payment of his claim; (2) that these preferences are void under the bankruptcy law, provided a petition in bankruptcy is filed against the debtors within four months thereafter, and they are adjudicated bankrupts pursuant thereto; (3) that the creditors who have obtained such preferences are irresponsible, and will not be able to respond to any claim which a trustee in bankruptcy may have against them in the matter; (4) that the plaintiffs under the bankruptcy law cannot by the terms of the act file a petition for involuntary bankruptcy before November 1, 1898, but that they intend so to do as soon as the law permits; and that the insolvents have committed certain acts of bankruptcy, on which such petition will be predicated, and will be adjudicated bankrupts accordingly. There are allegations in the complaint of fraud on the part of the preferred creditors, but there is no proof which sufficiently supports the charge.

The defendants who have obtained the preferences complained of have answered, denying, among other things, that they are irresponsible, and have also read affidavits in support of such plea. I might deny the motion solely on the ground that the lack of ability on the part of these defendants to respond to any claim which the insolvents' trustee in bankruptcy, if one be appointed, may have against them, is not sufficiently established; for, assuming that such an action as this would lie at all, the only possible justification for it would have to be found in the necessity for the preservation of the property in order to enable such trustee to realize upon any claim he might have against these preferred creditors; and such necessity would not exist unless it appeared that such creditors were insolvent, or that for some other reason any claim against them in favor of the trustee might not be collectible. But I do not rest my decision solely on a failure of proof upon this point. Assuming that the creditors whose position is assailed in this action are insolvent, I still think that such an action as this will not lie. The plaintiffs do not claim that they have any lien to protect, or, in a legal sense, any interest in the property in question. They are in the position of general creditors who expect to realize their debts in whole or in part out of their debtors' property through some legal process thereafter to be instituted, and who fear that such property may be dissipated before it can be reached by process. Ordinarily, they must take the risk of the situation. Here, as I have said, there is no interest in or lien upon the property in favor of the plaintiffs on which they rely. At most, they have a reasonable expectation that they will ultimately obtain an interest in such property through a trustee who may be appointed under the bankruptcy act, when it is set in motion against the insolvents; but, while the plaintiffs say they intend to file a petition against the insolvents, it is still entirely optional with them to do so when the time arrives; and, though they may do so, whether there will be an

adjudication upon the petition rests upon the judicial determination of the federal court as to the sufficiency of the proof. There is therefore neither a present right to be protected nor certainty with respect to an acquisition of such right in the future. I am not aware of any principle of equity which can be invoked in support of such an action. I have considered the cases cited by the counsel for the plaintiffs in his able and ingenious brief, but none of them go to the length of sanctioning the relief which is sought here. For the reasons which I have given, the motion to continue the injunction, and for the appointment of a receiver, must be denied. Motion denied, with $10 costs, to abide the event of the action.

Motion denied, with $10 costs, to abide event.